

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*                 *973-645-2700*
*Newark, New Jersey 07102*

KML/PL AGRT
2021R01229

April 14, 2026

Edward Dauber, Esq.
CSG Law
105 Eisenhower Parkway
Roseland, NJ 07068

          Re:    <u>Plea Agreement with Hyung Ki Kim</u>

Dear Mr. Dauber:

This letter sets forth the plea agreement between your client, Hyung Ki Kim ("KIM"), the United States Attorney's Office for the District of New Jersey and the Civil Rights Division of the United States Department of Justice ("this Office"). This offer will expire on **April 16, 2026**, if it is not accepted in writing by that date. If KIM does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from KIM to a three-count Information that charges KIM with: (1) one count of conspiracy to commit visa fraud, contrary to 18 U.S.C. § 1546(a), in violation of 18 U.S.C. § 371, (2) one count of conspiracy to harbor unlawful aliens, contrary to 8 U.S.C. §§ 1324(a)(1)(A)(iv), in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i), and (3) one count of tax evasion, in violation of 26 U.S.C. § 7201. If KIM enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against KIM for: from in or around January 2011 through in or around March 2024, (1) conspiring to commit visa fraud or committing visa fraud, (2) conspiring to harbor unlawful aliens or harboring unlawful aliens, (3) forced labor or forced labor trafficking, in violation of 18 U.S.C. §§ 1589 and 1590, (4) making false statements in passport applications, or fraud and misuses of visas, permits, and other documents, in violation of 18 U.S.C. §§ 1542, 1546, and 1597, or making false statements to government officials concerning the charged conduct in the Information, in violation of 18 U.S.C. § 1001, (5) witness tampering, in violation of 18

U.S.C. § 1512, and (6) money laundering, in violation of 18 U.S.C. §§ 1956 and 1957, or committing tax evasion; or from in or around January 2018 through in or around December 2023, filing a false tax return, in violation of 26 U.S.C. §§ 7201 and 7206..

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against KIM even if the applicable statute of limitations period for those charges expires after KIM signs this agreement, and KIM agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 charged in Count One of the Information to which KIM agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) charged in Count Two of the Information to which KIM agrees to plead guilty carries a maximum statutory prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 26 U.S.C. § 7201 charged in Count Three of the Information to which KIM agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on KIM, the sentencing judge as part of the sentence:

(1) will order KIM to pay an assessment of $100 per count ($300 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) shall order KIM to pay restitution pursuant to 18 U.S.C. § 3663 and 18 U.S.C. § 3663A;

(3) may order KIM pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offenses;

(4) may order KIM to pay the costs of prosecution;

(5) must order forfeiture pursuant to 18 U.S.C. § 982(a)(6)(A); and

(6) pursuant to 18 U.S.C. § 3583, may require KIM to serve a term of supervised release of not more than three years on Counts One and Two, and not more than one year on Count Three, which will begin at the expiration of any term of imprisonment imposed. Should KIM be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, KIM may be sentenced to not more than two years' imprisonment on Counts One and Two, and not more than one year of imprisonment on Count Three, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Restitution for Visa Fraud and Alien Harboring Conspiracy Charges</u>

Pursuant to the Victim Witness Protection Act, 18 U.S.C. § 3663(a)(3), and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A(a)(3), KIM agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses in an amount that fully compensates the victims for the losses sustained as a result of those offenses in the amount of $735,000. Defendant must tender full payment of the restitution via cashier's check, which he will provide to the United States at the time of Defendant's change of plea hearing. Failure to do so will constitute a breach of this agreement.

<u>Restitution for Tax Evasion</u>

KIM also agrees to pay restitution in the amount of $223,536.00 to the Internal Revenue Service ("IRS") under 18 U.S.C. § 3663(a)(3).

The restitution amount shall be paid according to a plan established by the Court. If the Court orders KIM to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). KIM does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor KIM's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331. Interest on the restitution-based

assessment will accrue under 26 U.S.C. §§ 6601 and 6621 from the last date prescribed for payment of the liability that is the subject of the restitution order to the date that the IRS receives payment. Defendant agrees to send restitution payments to the IRS at the following address:

> IRS – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

Forfeiture

As part of KIM's acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(6)(A), KIM agrees to forfeit to the United States all right, title, and interest in: (1) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the visa fraud conspiracy and alien harboring conspiracy offenses charged in the Information; (2) any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the visa fraud conspiracy and alien harboring conspiracy offenses charged in the Information; and (3) any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of the visa fraud conspiracy and alien harboring conspiracy offenses charged in the Information.

KIM further acknowledges that the value of the proceeds KIM obtained directly or indirectly from the commission of the visa fraud conspiracy charged in the Information was $1,265,036.42; that the value of the proceeds KIM obtained directly or indirectly from the commission of the alien harboring conspiracy charged in the Information was $1,265,036.42; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to $1,265,036.42 (the "Money Judgment"). KIM consents to the entry of an order requiring KIM to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to KIM prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

KIM further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or

- 4 -

substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

KIM further agrees to forfeit a 2024 Toyota Grand Highlander HV bearing New Jersey registration number D32SZL, which KIM admits has the requisite nexus to the offenses charged in Counts One and Two of the Information and is therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) (the "Specific Property"). KIM understands and agrees that the Specific Property does not necessarily include all of the property KIM must forfeit. Any forfeited money and the net proceeds from the disposition of the Specific Property will be applied to the Money Judgment, in partial satisfaction thereof.

KIM further consents to the administrative and/or civil judicial forfeiture of the Specific Property. KIM agrees that KIM will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent KIM has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. KIM further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

KIM waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. KIM understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise KIM of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. KIM waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. KIM further understands that KIM has no right to demand that any forfeiture of KIM's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon KIM in addition to forfeiture.

KIM further understands that this Office may require KIM to complete a Financial Disclosure Statement. KIM agrees that if this Office requests one, KIM is required to accurately complete it within 14 days of this Office's request. If this Office requests one but KIM fails to timely provide a complete and accurate Financial Disclosure Statement, or if this Office determines that KIM has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on KIM by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of KIM's activities and relevant conduct with respect to this case.

Stipulations

This Office and KIM will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and KIM waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

KIM understands that, if KIM is not a citizen of the United States, KIM's guilty plea to the charged offenses will likely result in KIM being subject to immigration

proceedings and removed from the United States by making KIM deportable, excludable, or inadmissible, or ending KIM's naturalization. KIM understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. KIM wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause KIM's removal from the United States. KIM understands that KIM is bound by this guilty plea regardless of any immigration consequences. Accordingly, KIM waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. KIM also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Federal Tax Form 870 Waiver</u>

Prior to the date of sentencing, KIM shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2018, 2019, 2020, 2021, and 2022; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, KIM agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by KIM. With respect to disclosure of the criminal file to the IRS, KIM waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to KIM's tax returns and return information.

Furthermore, KIM agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2018, 2019, 2020, 2021, and 2022 or for any other amounts paid in accordance with this agreement. KIM agrees that the provisions set forth in this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Civil Rights Division of the United States Department of Justice and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against KIM. So this

- 7 -

agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration, Customs Enforcement, and the Securities and Exchange Commission) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude KIM from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between KIM and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney


By:   Kelly M. Lyons
      Assistant U.S. Attorney

A. TYSEN DUVA
Assistant Attorney General
Criminal Division

/s/ Olimpia E. Michel

By:   Olimpia E. Michel
      Trial Attorney


APPROVED:


Benjamin Levin
Chief, Narcotics/OCDETF Unit

- 8 -

I have received this letter from my attorney, Edward Dauber, Esq. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 4/14/2026
Hyung Ki Kim

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 4/14/26
Edward Dauber, Esq.
Counsel for Defendant

Plea Agreement with Hyung Ki Kim

Schedule A

1.      This Office and Hyung Ki Kim ("KIM") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024 applies in this case.

Count One: Visa Fraud Conspiracy

3.      The applicable guideline is U.S.S.G. § 2X1.1 because the offense is conspiracy, in violation of Title 18, United States Code, Section 371. *See* Appendix A of the U.S.S.G.

4.      The applicable guideline for the base offense level is U.S.S.G. § 2L2.1 because the substantive offense is visa fraud, in violation of Title 18, United States Code, Section 1546.

5.      Under U.S.S.G. § 2L2.1(a), the Base Offense Level is 11.

6.      Pursuant to U.S.S.G. § 2L2.1(b)(2)(A), KIM is subject to a three-level enhancement because the offense involved more than 6 but less than 24 documents.

7.      Pursuant to U.S.S.G. § 3B1.1(a), KIM is subject to a four-level enhancement because he was a leader of criminal activity with five or more participants or was otherwise extensive.

8.      The parties do not agree as to whether a reduction of three levels applies pursuant to U.S.S.G. § 2L2.1(b)(1), which requires KIM to show that the offense was committed "other than for profit." It is this Office's position that KIM does not qualify for such a reduction because the offense was committed for profit. KIM does not agree. Both parties reserve the right to argue their respective positions at sentencing.

9.      Thus, the applicable offense level for Count One is either 15 or 18.

Count Two: Conspiracy to Harbor Unlawful Aliens

10.      The applicable guideline for the base offense level is U.S.S.G. § 2L1.1 because the substantive offense is conspiracy to harbor unlawful aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

11.      Under U.S.S.G. § 2L1.1(a)(3), the Base Offense Level is 12.

12.     Pursuant to U.S.S.G. § 2L1.1(b)(2)(A), KIM is subject to a three-level enhancement because the offense involved the harboring of more than 6 but less than 24 unlawful aliens.

13.     Pursuant to U.S.S.G. § 3B1.1(a), KIM is subject to a four-level enhancement because he was a leader of criminal activity with five or more participants or was otherwise extensive.

14.     The parties do not agree as to whether a reduction of three levels applies pursuant to U.S.S.G. § 2L1.1(b)(1), which requires KIM to show that the offense was committed "other than for profit." It is this Office's position that KIM does not qualify for such a reduction because the offense was committed for profit. KIM does not agree. Both parties reserve the right to argue their respective positions at sentencing.

15.     Thus, the applicable offense level for Count Two is either 16 or 19.

Count Three:  Tax Evasion

16.     The applicable guideline for the base offense level is U.S.S.G. § 2T1.1 because the substantive offense is tax evasion, in violation of Title 26, United States Code, Section 7201.

17.     Under U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1, because the total loss is greater than $100,000, but less than $250,000, the Base Offense Level is 16.

18.     Pursuant to U.S.S.G. § 2T1.1(b)(1), KIM is subject to a two-level enhancement because he failed to report the source of income exceeding $10,000 in any year from criminal activity.

19.     Thus, the applicable offense level for Count Three is 18.

Grouping of Multiple Counts

20.     Pursuant to U.S.S.G. § 3D1.2(b), Counts One and Two group because the conduct for both counts involves the same victims and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

21.     Thus, the applicable offense level for Counts One and Two ("Group One") is either 16 or 19. U.S.S.G. § 3D1.3(a).

22.     As noted above, the applicable offense level for Count Three ("Group Two") is 18.

23.     Pursuant to U.S.S.G. § 3D1.4(a), Groups One and Two each count as one unit because the offense levels for the Groups differ by either one or two levels.

- 11 -

U.S.S.G. § 3D1.4(a). Accordingly, the total adjusted offense level is either 20 or 21. U.S.S.G. § 3D1.4.

24.     As of the date of this letter, KIM has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if KIM's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

25.     As of the date of this letter, KIM has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in KIM's offense level, pursuant to U.S.S.G. § 3E1.1(b), if the following conditions are met:   (a) KIM enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that KIM's acceptance of responsibility has continued through the date of sentencing and KIM therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) KIM's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

26.     Accordingly, the parties agree that KIM's total Guidelines offense level is either 17 or 18 (the "Total Offense Level").

27.     Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

28.     If the term of imprisonment does not exceed 33 months, and except as specified in the next paragraph below, KIM will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 24 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

29.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).