2021R01229/KML/PAL/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler, U.S.D.J. |
| v. | : | Crim. No. 26-41 |
| HYUNG KI KIM | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) AND PRELIMINARY ORDER OF |
| | : | FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS |
| | : | TO THE DEFENDANT) |

WHEREAS, on or about April 16, 2026, defendant Hyung Ki Kim pleaded guilty pursuant to a plea agreement with the United States to a three-count Information, which charged him with: (1) conspiracy to commit visa fraud, contrary to 18 U.S.C. § 1546(a), in violation of 18 U.S.C. § 371 (Count One); (2) conspiracy to harbor unlawful aliens, contrary to 8 U.S.C. § 1324(a)(1)(A)(iv), in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i) (Count Two); and (3) tax evasion, in violation of 26 U.S.C. § 7201 (Count Three) ("Information"). In the plea agreement, the defendant agreed to forfeit, pursuant to 18 U.S.C. § 982(a)(6)(A): (1) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the visa fraud conspiracy and alien harboring conspiracy offenses charged in Counts One and Two of the Information; (2) any property, real and personal, that constitutes, or is traceable to the proceeds obtained directly and indirectly from the visa fraud conspiracy and alien harboring conspiracy offenses charged in Counts One and Two of the Information; and (3)

any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the visa fraud conspiracy and alien harboring conspiracy offenses charged in Counts One and Two of the Information;

WHEREAS, in the plea agreement, the defendant consented to the imposition of a criminal forfeiture money judgment, and stipulated that such amount represents any property, real and personal, that constitutes, or is traceable to the proceeds obtained directly and indirectly from the visa fraud conspiracy and alien harboring conspiracy offenses charged in Counts One and Two of the Information;

WHEREAS, the defendant agrees to the imposition of a money judgment in the amount of $1,265,036.42 (the "Money Judgment");

WHEREAS, the defendant further agrees to forfeit all of the defendant's right, title and interest in one 2024 Toyota Grand Highlander HV bearing New Jersey registration number D32SZL, which the defendant admits has the requisite nexus to the offenses charged in Counts One and Two of the Information, with any forfeited money and the net proceeds derived from the sale of forfeited specific property to be applied to the Money Judgment, in partial satisfaction thereof;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (as incorporated by 18 U.S.C. § 982(b)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

-2-

WHEREAS, in the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment.

WHEREAS, considering the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### *Money Judgment*

1.    Any property, real and personal, that constitutes, or is traceable to the proceeds obtained directly and indirectly from the visa fraud conspiracy and alien harboring conspiracy offenses charged in Counts One and Two of the Information, to which the defendant has pleaded guilty is forfeited pursuant to 18 U.S.C. § 982(a)(6)(A).

2.    The United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds obtained by the defendant, which was $1,265,036.42 (the "Money Judgment"). A Money Judgment in the amount of

$1,265,036.42 is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(6)(A), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3.     All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshal's Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.     Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account.  After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America and deposited in the Assets Forfeiture Fund.

5.     When the Money Judgment is fully satisfied, the United States shall file a Satisfaction of the Money Judgment.

6.     Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

## *Specific Property*

7.    As a further result of the defendant's conviction of the offenses charged in Counts One and Two of the Information, pursuant to 18 U.S.C. § 982(a)(6)(A), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), all of the defendant's right, title and interest in one 2024 Toyota Grand Highlander HV bearing New Jersey registration number D32SZL (the "Specific Property") is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

8.    Any forfeited money and the net proceeds derived from the sale of the Specific Property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

9.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

10.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

11.    Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any

-5-

person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12.    Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. ' 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

13.    Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

14.    Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. ' 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

15. This Order shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

16. The Clerk of the Court is directed to enter a money judgment against the defendant in the amount of $1,265,036.42.

17. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this **16th** day of APRIL, 2026.

<u>s/Stanley R. Chesler, U. S. D. J.</u>
Hon. Stanley R. Chesler
United States District Judge

The undersigned hereby consent to
the entry and form of this order:

ROBERT FRAZER
United States Attorney

Dated: 4/16/26

By:    Kelly M. Lyons
       Assistant United States Attorney

A. Tysen Duva
Assistant Attorney General
Criminal Division

Dated: 4/16/26

By:    Olimpia E. Michel
       Trial Attorney

Edward Dauber, Esq.
Attorney for Defendant
Hyung Ki Kim

Dated: 4/16/26

Hyung Ki Kim,
Defendant

Dated: 4/16/2026

-8-